**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary F. Lowry, et al., | No. CV-11-08177-PCT-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| JPMorgan Chase Bank NA, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion and Request for Preliminary Injunction. (Doc. 46). The Court now rules on the motion.

**I.     Background**

The Court has previously summarized the basic facts of this case as follows:

> In 2006, Plaintiffs Gary Lowry and Marian Carol obtained a loan from lender, EMC Credit Corporation in the amount of $480,000. The loan was secured by a Deed of Trust in favor of Encore Credit Corporation encumbering real property located at 2900 S. Blue Ranch Road Cottonwood, Arizona 86326 (the "Property"). In 2009, Plaintiffs and EMC Mortgage Corporation entered into a two-year loan modification agreement.
>
> Plaintiffs are ordained ministers operating a non-profit spiritual retreat center called Western Spirit Enrichment Center ("Western Spirit"). Plaintiffs allege that they leased the Property to Western Spirit in 2005 and Western Spirit has always made loan payments on the Property. Plaintiffs allege that they used the income of Western Sprit to qualify for their original loan in April 2006 as well as for the short-term modification in January 2009.
>
> Plaintiffs allege that, since December 2010, they have tried to apply and qualify for a loan modification through the Making

>  Home Affordable Program ("MHA") and the Home Affordable Modification Program ("HAMP"), but have been denied any such modification. Plaintiffs' claims in this case relate to the failed home loan modification.

(Doc. 37 at 3-4).

The Court has dismissed all of Plaintiffs' claims, (Doc. 37), and Plaintiffs' appeal of this dismissal is currently pending before the Ninth Circuit Court of Appeals ("Court of Appeals"). Following their appeal, Plaintiffs filed a motion for a preliminary injunction. (Doc. 46). The Court declined to set a hearing on the motion until after Plaintiffs were notified of a trustee sale on their property. (Doc. 50). Plaintiffs were notified that a trustee sale is set for June 8, 2015, and subsequently moved for a hearing. (Doc. 51 at 2).

At the hearing, counsel for Defendants advised that Defendants would agree to a stay of the trustee sale pending a decision by the Court of Appeals subject to the setting of an appropriate bond. (Doc. 58). The parties subsequently agreed to this proposed stay, subject to the Court setting and Plaintiffs paying an appropriate bond. (*Id.*) Accordingly, the Court ordered the proceedings, including any trustee's sale, stayed subject to the Court setting the amount of the bond by subsequent order. (*Id.*) The Court also ordered that once it sets the bond, Defendants may petition the Court to quash the stay if Plaintiffs fail to comply. (*Id.*) The purpose of the present Order is to set the amount of the bond.

## II.    Analysis

At the hearing, the parties and the Court discussed the appropriate amount of a bond in this case. The Court will set a bond based upon the fair market rental value of the property at issue. This is based upon Arizona's law for eviction actions, which provides:

> If the appellant wants to remain in possession of the premises while the appeal is pending, the appellant must pay to the clerk of the court any rent due apart from amounts included in the judgment and continue paying to the clerk additional rent as it becomes due during the appeal. Failure of the appellant to pay any rent due as it accrues is cause for the appellee to seek an order allowing it to enforce a writ of restitution, but shall not be cause for the dismissal of the appeal. In this event, the appeal will proceed despite the appellant's loss of possession of the premises while it is pending.

Ariz. R. P. Eviction Actions 17(b)(2). Accordingly, the Court finds the monthly fair market rent to be a reasonable bond amount.

The Court requested both parties submit written evidence as to the fair market rent for the property in question. (Doc. 60). Defendants have submitted a Residential Broker Price Opinion that identifies the market rent as $2,000. (Doc. 58-1). Plaintiffs filed a response that cites no competent evidence but instead argues for $1,500 - $1,750 as the market rent. (Doc. 61). Plaintiffs have also asked the Court to set a nominal bond of $100, or alternatively to waive the bond requirement entirely. (Doc. 61 at 3-7; Doc. 46).

Although Plaintiffs are proceeding *in forma pauperis* with their appeal (Doc. 45), the purpose of a bond is to protect the enjoined party from damages that it will suffer if it turns out to have been wrongfully enjoined. In this case, there has been some evidence shown that the amount currently owing on the mortgage is close to or possibly exceeds the value of the property. Plaintiffs assert that the value of their property far exceeds the amount owed on the mortgage, but offer no evidence that would support their bare allegations. Thus, although their argument could have merit in some cases, the Court cannot rely upon these unverified assertions. The Court concludes that a bond is necessary to protect Defendants from incurring additional losses during the pendency of Plaintiffs' appeal.

Plaintiffs will be required to post a bond in the amount of $2,000 each month the stay is in effect.

**III.  Conclusion**

For the foregoing reasons,

**IT IS ORDERED** denying as moot Plaintiffs' Motion and Request for Preliminary Injunction (Doc. 46).

**IT IS ORDERED** that the stay previously ordered by the Court is subject to the following: (1) Plaintiffs shall post a bond with the Clerk of the Court in the amount of $2,000.00 by 8:15 a.m., Thursday, May 14, 2015 and (2) Plaintiffs shall post another bond in the same amount on the 14th of each month thereafter (or the following Monday,

if the 14th falls on a weekend or holiday). If Plaintiffs fail to comply with these bond requirements, Defendants may petition the Court to quash the stay.

Dated this 7th day of May, 2015.

James A. Teilborg
Senior United States District Judge