**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary F. Lowry, et al., | No. CV-11-08177-PCT-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| JPMorgan Chase Bank NA, et al., | |
| Defendants. | |

The relevant facts of this case are adequately summarized in the first two pages of the Court's prior Order at Doc. 62. Plaintiffs have refiled their motion for injunctive relief, now captioned "Motion for TRO and Preliminary Injunction." (Doc. 63). Although Plaintiffs claim to seek preliminary injunctive relief, because the Court has already issued a final order on the merits and this order is currently on appeal to the Ninth Circuit Court of Appeals, the appropriate remedy is an injunction pending appeal. *See* Fed. R. App. P. 8(a)(1)(C).

The Court interprets Plaintiffs' motion as a motion for reconsideration of the Court's prior Order, in which the Court approved a stipulation between the parties for a stay pending appeal and set a bond of $2,000 per month.[1] (Doc. 62 at 3-4). As the Court remarked during the hearing, even if Plaintiffs' request for injunctive relief were granted

---

[1] Plaintiffs also appealed this Order. (Docs. 64 & 65). Because Plaintiffs filed the pending motion for reconsideration after filing their notice of appeal, this notice of appeal was not effective until the Court issued the present Order. *See* Fed. R. App. P. 4(a)(4)(B)(i).

(without a stipulation for a stay), the Court is still required to set an appropriate bond. Thus, Plaintiffs' motion is effectively a motion for reconsideration of the amount of the bond.

"The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Popular Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979). Plaintiffs repeat their bald assertion that there is no risk to Defendant because Plaintiffs' mortgage is secured by their house. (Doc. 63 at 9). Two years ago, Plaintiffs filed an affidavit with this Court, under penalty of perjury, in which they listed the value of their house and the amount of their mortgage. (Doc. 41). On that affidavit, Plaintiffs reported that the value of their house was substantially less than the current balance on their mortgage. (*Id.*) At the April 23, 2015 hearing, Plaintiffs represented to the Court that the value of their house had always exceeded the balance on the mortgage and there was very little risk for Defendant.

In light of the changing evidence over time as to whether the value of Plaintiffs' house exceeds the amount owed on their mortgage, Plaintiffs have not shown that a bond is unnecessary to protect Defendants from further financial harm as the result of Plaintiffs' appeal. To the contrary, the evidence shows that Plaintiffs have lived in their house for approximately four years while not paying anything on their mortgage. The goal of Plaintiffs' lawsuit is, in part, to obtain a free house based on alleged wrongdoing by Defendant. *See* (Doc. 24 at 84) (item "D"). Even if Plaintiffs succeeded before the Ninth Circuit Court of Appeals on one of their claims, the result would still require an equitable resetting of the mortgage terms. Because Plaintiffs declare that they cannot even afford the $2,000 monthly bond, which reflects the fair market rent for their home, Plaintiffs in essence admit that they have neither the intent nor means to ever pay their mortgage—no matter how reasonable its terms.

For these reasons, Plaintiffs' appeal to equity in waiving the bond requirement is wholly unpersuasive. Similarly, Plaintiffs' statement that they can post a "$100 security

as a demonstration of their good-faith and intention," (Doc. 63 at 14), is unavailing because the facts of this case demonstrate a clear lack of good faith on the part of Plaintiffs. The Court notes that imposing the $2,000 monthly bond is no greater burden upon Plaintiffs than what would result if Plaintiffs prevail before the Ninth Circuit Court of Appeals on a legitimate point of law. Accordingly, the bond must be posted within 48 hours or the Court will turn to Defendant's recently-filed Motion to Quash Stay.

Therefore,

**IT IS ORDERED** that Plaintiffs' motion for reconsideration, captioned as "Motion for TRO and Preliminary Injunction," (Doc. 63) is denied.

Dated this 20th day of May, 2015.

James A. Teilborg
Senior United States District Judge