WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary F Lowry, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>JPMorgan Chase Bank NA, et al.,<br><br>   Defendants. | No. CV-11-08177-PCT-JAT<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

Pending before the Court is Gary F. Lowry and Marian Carol's ("Plaintiffs") Motion for Preliminary Injunction. (Doc. 78). Defendants filed a response (Doc. 82) and Plaintiffs replied (Doc. 83). The Court now rules on the motion.

**I.   Background**

In 2006, Plaintiffs obtained a loan from Defendants to refinance property on which they operated a non-profit spiritual retreat center called the Western Spirit Enrichment Center. (Doc. 62 at 1). In October 2011, Plaintiffs filed a complaint against Defendants alleging improper denial of requests for loan modification. The complaint was dismissed by this Court for failure to state a claim for relief, and an appeal of that dismissal is currently pending before the Ninth Circuit Court of Appeals. (Docs. 38, 39).

Plaintiffs then filed a motion for injunctive relief to prevent Defendants from initiating foreclosure proceedings against the property. (Doc. 46). With this Court's approval, the parties agreed to stay any foreclosure activity pending the result of

Plaintiffs' appeal, provided that Plaintiffs posted a bond in the amount of $2000 per month. (Doc. 62). Plaintiffs then filed a second motion for injunctive relief, which this Court treated as a motion for reconsideration of its order approving the stay and setting the amount of bond. (Docs. 63, 71). The Court denied Plaintiffs' motion and reaffirmed its prior determination that a $2000 per month bond was necessary to protect Defendants' interest in the property, and that the bond imposed "no greater burden upon Plaintiffs than what would result in Plaintiffs prevail before the Ninth Circuit Court of Appeals on a legitimate point of law." (Doc. 71 at 2–3). Plaintiffs were ordered to post the bond within 48 hours of the Court's order. (Doc. 71 at 3). Plaintiffs failed to do so. (Doc. 73). As a result, this Court granted Defendants' subsequent motion to quash the stay (Doc. 69) and allowed Defendants to proceed with a trustee's sale and foreclosure. (Doc. 73 at 2). A trustee's sale has been scheduled for December 19, 2016.

**II.  Analysis**

Plaintiffs now move to enjoin Defendants from conducting the sale, relying largely on a repetition of arguments already made before this Court. (*See* Docs. 62, 71, 73). This Court agrees with Defendants that the doctrine of *res judicata* is applicable here: "[u]nder the doctrine of *res judicata* an existing final judgment rendered upon the merits . . . is conclusive as to every point decided and as to every point which could have been raised by the record[.]" *Di Orio v. City of Scottsdale*, 408 P.2d 849, 850 (Ariz. App. 1965). Plaintiffs have previously argued that they are entitled to maintain the status quo of their ownership in the property until their appeal is decided. This Court has already rejected that contention. It has instead ruled that, in light of Plaintiff's unwillingness to pay the agreed-upon bond amount, Defendants may go forward with a foreclosure and trustee's sale in order to protect their interest in the property. (Doc. 73). Similarly, Plaintiffs have already moved for an injunction in Arizona State Court and in the Ninth Circuit Court of Appeals, and both courts have denied Plaintiffs' requests. (Doc. 82-1 at 1, 95, 120, 143). Plaintiffs are not now entitled to re-argue these same points.

Moreover, Plaintiffs have not demonstrated they are entitled to injunctive relief.

To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiffs have not shown that they are likely to succeed on the merits of their appeal, and even if they were to succeed at the Ninth Circuit, Plaintiffs have already demonstrated an unwillingness and inability to comply with a judgment requiring them to make reasonable payments on the property. (*See* Doc. 71 at 2–3). Plaintiffs are also unable to show that the equities of the injunction are balanced in their favor, because this Court has already held that Defendants are entitled to protection of their property interest in the form of a bond. Plaintiffs do not meet the requirements for showing that injunctive relief is warranted.

For the foregoing reasons,

**IT IS ORDERED** denying Plaintiff's motion for preliminary injunction. (Doc. 78).

**IT IS FURTHER ORDERED** that Defendants may proceed with a trustee's sale and foreclosure of Plaintiffs' property in accordance with all applicable laws.

Dated this 1st day of December, 2016.

James A. Teilborg
Senior United States District Judge